UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW Q SHOOP,

                Petitioner,

     v.

DONALD HOLBROOK,

                Respondent.

CASE NO. 3:15-CV-05868-RBL-DWC

ORDER TO SHOW CAUSE

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Matthew Q. Shoop, proceeding *pro se* and *in forma pauperis,* petitions for 28 U.S.C. § 2254 relief from his 2013 conviction of failure to register as a sex offender and raises four grounds for relief. Dkt. 4. Respondent has filed a Motion to Dismiss without Prejudice ("Motion to Dismiss") and filed the relevant state court records.  Dkts 12, 14. Respondent argues three of Petitioner's claims are procedurally barred and Petitioner's fourth ground for relief is unexhausted and currently pending in Washington state court. *Id.; see also* Dkt. 13.

Because Petitioner's fourth federal habeas claim appears to be unexhausted and currently pending in Washington state court, his federal habeas Petition ("Petition") is a "mixed petition." When faced with a mixed petition, a district court may generally exercise one of three options:

(1) dismiss the mixed petition without prejudice to allow the petitioner to present his unexhausted claims to the state court and then return to federal court to file a new habeas petition containing all of the claims; (2) stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition; or (3) allow the petitioner to delete the unexhausted claims and to proceed with the remaining claims. *See Rhines v. Weber*, 544 U.S. 269, 274-79 (2005).

## DISCUSSION

**A.     Procedural Background**

Petitioner, through counsel, appealed his conviction the Washington Court of Appeals. Dkt. 12-1, Exhibit 6, Exhibit 7. Petitioner raised the following ground for review: whether the State met its burden of proving beyond a reasonable doubt all the elements the crime of failure to register as a sex offender. Dkt. 12-1, Exhibit 6 at 1.

The Washington Court of Appeals affirmed Petitioner's conviction and sentence. Dkt. 12-1, Exhibit 8. Petitioner filed a Motion to Modify the ruling, which was denied. Dkt. 12-1, Exhibit 9, Exhibit 10. Petitioner did not seek further review of the Washington Court of Appeals ruling. The Washington Court of Appeals issued its mandate on November 17, 2014. Dkt. 12-1, Exhibit 11.

On March 2, 2015, Petitioner, *pro se,* filed a Personal Restraint Petition ("PRP"). Dkt. 12-1, Exhibit 12, Exhibit 13. In his PRP, Petitioner raised six grounds for relief: (1) whether the jury misunderstood the jury instructions; (2) whether the imposition of a term of community custody caused Petitioner's sentence to exceed the statutory maximum for his crime; (3) whether the trial court erred in imposing 36 months of community custody under former RCW 9.94A.712; (4) whether the trial court's delegation of authority to the Department of Corrections

1   was improper; (5) whether Petitioner's appellate counsel was ineffective for failing to raise the

2   meritorious issues on direct review; and (6) cumulative error. Dkt. 12-1, Exhibit 12 at 4-16.

3         On December 29, 2015, the Washington Court of Appeals granted Petitioner's PRP in

4   part and remanded his judgment and sentence to the trial court to correct the community custody

5   term, and denied Petitioner's PRP in all other respects. Dkt. 12-1, Exhibit 5. Petitioner filed a

6   Motion for Discretionary Review before the Washington Supreme Court on January 28, 2016.

7   Dkt. 14-1, Exhibit 1. A response to Petitioner's Motion for Discretionary Review was due

8   February 29, 2016 and any reply was due March 30, 2016. *Id.* Petitioner's PRP remains pending

9   before the Washington Supreme Court.

10        In his federal habeas petition, Petitioner raises the following claims: (1) violation of the

11  Sixth Amendment[1] when the State's lead witness did not testify and Petitioner was not able to

12  "face" his accuser; (2) insufficient evidence; (3) improper admission of hearsay evidence; and

13  (4) whether the jury misunderstood the jury instructions. Dkt. 4 at 6-11.

14  **B.**    **Exhaustion and Procedural Default**

15        Respondent argues Petitioner failed to exhaust Grounds 1, 2 and 3 because he did not

16  fairly present these issues as federal constitutional claims to the state courts.  Respondent argues

17  that these claims are now procedurally barred. Respondent concedes Petitioner's Ground 4 is

18

19  _____

20        [1] The Sixth Amendment provides:

21        In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an
          impartial jury of the State and district wherein the crime shall have been committed, which district
22        shall have been previously ascertained by law, and to be informed of the nature and cause of the
          accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining
23        witnesses in his favor, and to have the Assistance of Counsel for his defence.

24        U.S. Const. amend. VI.

unexhausted but is currently pending before the Washington state courts and argues this Petition should be dismissed without prejudice.  *See* Dkt. 14.

    1.   *Exhaustion of Grounds 1, 2 and 3*

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits). It is not enough if all the facts necessary to support the federal claim were before the state courts or if a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (*citing Picard*, 404 U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts entitling Petitioner to relief. *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996); *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). Petitioner bears the burden of proving he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

1    In his first habeas corpus claim, Petitioner argues the rights guaranteed to him by the

2  Confrontation Clause of the Sixth Amendment, the right to confront the witnesses against him,

3  was violated when the State's witness failed to testify at trial. Dkt. 4 at 5. Petitioner failed to

4  raise Ground 1 in any form before the Washington state courts on direct appeal or in his PRP.

5  *See* Dkt. 12-1, Exhibit 6, Exhibit 12.  Thus, it appears Petitioner has raised this claim for the first

6  time in this Petition and thus, it appears Petitioner failed to exhaust Ground 1..

7    In his second claim, Petitioner argues the State lacked sufficient evidence to convict him.

8  Dkt. 4 at 7. Although Petitioner presented this claim as a federal claim to the Washington Court

9  of Appeals, Dkt. 12-1, Exhibit 6 at 5, the record reflects Petitioner did not raise the claim at all in

10  the Washington Supreme Court. Petitioner also did not raise Ground 2 in his PRP. Dkt. 12-1,

11  Exhibit 12. Thus, it appears Petitioner failed to exhaust Ground 2.

12    In the third habeas claim, Petitioner argues the State used hearsay evidence to convict

13  him at trial. Dkt. 4 at 8.  Petitioner failed to raise Ground 3 in any form before the Washington

14  state courts. *See* Dkt. 12-1, Exhibit 6, Exhibit 12.  Thus, it appears Petitioner failed to exhaust

15  Ground 3.

16    2.  *Procedural Default of Grounds 1, 2 and 3*

17    Exhaustion and procedural default are related but distinct doctrines. As stated above, a

18  claim is unexhausted when state remedies remain available to a petitioner who has not fairly

19  presented his claim to the state courts. *See Duncan*, 513 U.S. at 365; *Middleton*, 768 F.2d at

20  1086. Procedural default, on the other hand, refers to claims that have not been presented to the

21  state court and cannot, at the time the federal court reviews the habeas petition, be presented to

22  the state court. *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002) (citations omitted);

23  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845

24  (1999).

Therefore, "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman,* 501 U.S. at 732 (quoting 28 U.S.C. § 2254(b)); *see Engle v. Issac,* 456 U.S. 107, 125 n. 28 (1982) (holding that because the respondents had completed all avenues of state relief available and "could have [brought their claim] on direct appeal, ... they have exhausted their state remedies with respect to this claim").

Here, Grounds 1, 2, and 3 are procedurally defaulted and thus technically exhausted because if Petitioner attempted to present these claims in a subsequent PRP, the state court would find the claims barred by Washington law. Washington State imposes a one-year statute of limitations on filing a PRP or other post-conviction challenges. RCW § 10.73.090. The Washington Court of Appeals issued a mandate finalizing Petitioner's state appeal on November 17, 2014. *See* Dkt. 12-1, Exhibit 11. The time to file a petition or motion for post-conviction relief expired on November 17, 2015, one year from the issuance of the mandate. *See* RCW 10.73.090(1), (2)(b). As the one year statute of limitations has passed, Petitioner is barred from filing a subsequent PRP. *See id.* at (1). Moreover, Petitioner has not presented facts which could show good cause for his failure to raise the allegations in Grounds 1, 2 and 3 in his PRP. *See* RCW 10.73.140.

Because Petitioner fails to demonstrate good cause for failing to raise Grounds 1, 2 and 3 in his first petition; it appears his unexhausted claims are now barred by a mandatory rule of state procedure, satisfying the exhaustion requirement but barring the claims procedurally. *See Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991); *see also Evans v. Uttrecht,* 2009 WL 3149504, at *6 (E.D. Wash. Sept. 28, 2009).

Procedural default will be excused and a petitioner will be entitled to federal habeas corpus review if he "can demonstrate cause for the default and actual prejudice as a result of the

alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (*citing Coleman*, 501 U.S. at 750). However, here, it does not appear Petitioner can show cause to excuse his procedural default. Petitioner does not attempt to prove cause and prejudice, or make a showing of actual innocence sufficient to excuse his default with respect to Grounds 1, 2, and 3.

> 3. *Ground Four – Whether the Jury Misunderstood the Jury Instructions*

In his fourth claim, Petitioner argues the jury misunderstood the law. Dkt. 4 at 10. The record reflects that Petitioner's fourth ground for relief was included in his PRP and is currently pending in the Washington state courts. Dkt. 14, Dkt. 14-1. Thus, it appears Ground 4 is unexhausted and not procedurally barred.

## C.   Options for Mixed Petitions

Petitioner has submitted a "mixed" petition because Ground 4 does not appear to be exhausted for federal habeas purposes and Petitioner's PRP is currently pending in Washington state court.  As noted above, a district court may generally exercise one of three options: (1) dismiss the mixed petition without prejudice; (2) stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court; or (3) allow the petitioner to delete the unexhausted claims and to proceed with the remaining claims.  *See Rhines,* 544 U.S. at 274-79.

### 1.   Dismissal Without Prejudice

Petitioner can opt for dismissal of the mixed petition without prejudice to returning to federal court later with his fully exhausted petition.  Petitioner has timely filed his PRP and thus, the federal one-year statute of limitations is tolled.  *See* 28 U.S.C. 2244(d).  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the federal one-year statute of limitations tolls while a prisoner seeks collateral review in state courts but not when the prisoner

1   is in federal court.  *Robbins v Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing to 28 U.S.C.

2   2244 (d)(2) and *Rhines*, 544 U.S. at 274-275 (2005).

3          **2.      Motion to Stay and Abey**

4          A district court, on federal habeas review, has discretion to stay a mixed petition to allow

5   a petitioner to return to state court to present his unexhausted claims.  *Rhines*, 544 U.S. 269.  The

6   stay and abeyance procedure should be invoked only in very limited circumstances, such as

7   where:  (1) the petitioner has good cause for his failure to exhaust; (2) the unexhausted claims

8   are potentially meritorious; and, (3) there is no indication that the petitioner engaged in

9   intentionally dilatory litigation tactics.  *Id*. at 278.  However, for petitioners who file mixed

10  petitions and who are close to the end of AEDPA's one-year time limit, there is a probability that

11  they will not have time in which to exhaust state remedies and refile in federal court before the

12  limitations period runs.  In such cases, rather than dismissing the mixed petition outright, a

13  district court may stay the petition and hold it in abeyance while the petitioner returns to state

14  court to exhaust his unexhausted claims.  *Rhines*, 544 U.S. at 275.  Once he has exhausted his

15  state remedies, the federal court will lift the stay and allow the petitioner to proceed on his now-

16  exhausted claims.  *Id.*, pp. 275-76.

17         **3.      Consideration of Procedurally Barred Claims (Grounds 1, 2, and 3) Only**

18         If the Court were to now consider only the procedurally barred claims (Grounds 1, 2, and

19  3), Petitioner could face procedural obstacles should he choose to bring a second or successive

20  habeas petition to challenge his current conviction.  *See Burton v. Stewart*, 549 U.S. 147, 154

21  (2007) (noting that habeas petitioners proceeding with only exhausted claims may risk subjecting

22  later petitions that raise new claims to rigorous procedural obstacles); *Cooper v. Calderon,* 274

23  F.3d 1270, 1272-73 (9th Cir. 2001) (per curiam) (noting that the relevant statutes greatly restrict

24

1   the power of federal courts to award relief to state prisoners who file second or successive habeas

2   corpus applications); 28 U.S.C. § 2244(b) (providing that a claim presented in a second or

3   successive § 2254 habeas petition "shall" be dismissed unless certain substantive and procedural

4   requirements are met).

5        Accordingly, it is **ORDERED:**

6        1.      Petitioner shall show cause **on or before May 23, 2016** why Ground 4 should not

7   be considered unexhausted.   Alternatively, he should advise the Court **on or before May 23,**

8   **2016** if he wishes the Court to: (1) dismiss the mixed petition without prejudice; (2) stay the

9   mixed petition; or (3) delete the unexhausted claim (Ground 4) and proceed with the remaining

10  procedurally barred claims (Grounds 1, 2, and 3) only.

11       2.      If Petitioner fails to file a response, the Court will enter a report and

12  recommendation that the petition be dismissed without prejudice and allowing the Petitioner to

13  present his unexhausted claim (Ground 4) to the state court and then return to federal court to file

14  a new habeas petition containing all of the claims.

15       3.      The Clerk shall send copies of this Order to Petitioner and counsel for

16  Respondent.

17       Dated this 22nd day of April, 2016.

18

19

20   David W. Christel
     United States Magistrate Judge

21

22

23

24