1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10    MATTHEW Q SHOOP,

11                          Petitioner,

12              v.

13    DONALD HOLBROOK,

14                          Respondent.

CASE NO. 3:15-CV-05868-RBL-DWC

ORDER ALLOWING PETITIONER
TO FILE AMENDED PETITION

15

16          The District Court has referred this action to United States Magistrate Judge David W.

17    Christel. Petitioner Matthew Q. Shoop, proceeding *pro se* and *in forma pauperis,* filed this

18    federal habeas action pursuant to 28 U.S.C. § 2254. Dkt. 4. Respondent filed a Motion to

19    Dismiss, attaching the relevant state court records, on January 13, 2016. Dkt. 12, 14. In his

20    Motion to Dismiss, Respondent argues three of Petitioner's claims are procedurally barred and

21    Petitioner's fourth ground for relief is unexhausted and currently pending in the state court. *Id.*;

22    *see also* Dkt. 13.

23          On April 22, 2016, the Court ordered Petitioner to show cause why the fourth ground

24    should not be considered unexhausted or, in the alternative, advise the Court if he wished the

1  Court to: (1) dismiss the mixed petition without prejudice; (2) stay the mixed petition; or (3)

2  delete the unexhausted claim (Ground 4) and proceed with the remaining procedurally barred

3  claims (Grounds 1, 2, and 3) only. Dkt. 15. On May 4, 2016, Petitioner filed a "Motion to

4  Substitute or Delete Fourth Ground for Relief with Brief" ("Motion"). Dkt. 16. Respondent did

5  not file a response to Petitioner's Motion.

6       In the Motion, Petitioner requests the Court allow him to (A) substitute Ground 4 for

7  relief with a ground alleging he is being incarcerated beyond his sentence date or (B) delete

8  Ground 4. Dkt. 16. Petitioner has not filed a proposed amended petition. Rather, Petitioner filed a

9  Motion identifying the proposed ground he seeks to include in his Petition. *See id*. In the

10 proposed ground for relief, Petitioner alleges his sentence was incorrectly calculated and he

11 should have been released on March 20, 2016. *Id*. Petitioner was convicted of failing to register

12 as a sex offender. *See* Dkt. 12; 12-1, Exhibits 1, 3; 16. He was serving a term of community

13 custody at the time of the new offense and, as a result of the new conviction, his community

14 custody was revoked. *See* Dkt. 12-1, Exhibit 3. Petitioner began serving the new felony sentence

15 after he completed the revoked term of community custody. *See* Dkt. 12; 12-1, Exhibits 1, 3; 16.

16 Petitioner would like to add a ground challenging the implementation of consecutive, not

17 concurrent, sentences. As Petitioner seeks to remove one ground and add a new ground to his

18 Petition, the Court interprets Petitioner's Motion as a motion to file an amended petition.

19       A habeas petition may be amended as provided by Rule 15 of the Federal Rules of Civil

20 Procedure. *Mayle v. Felix*, 545 U.S. 644, 649 (2005). Pursuant to Rule 15(a),

21        (1) ***Amending as a Matter of Course***
           A party may amend its pleading once as a matter of course within:
22         (A) 21 days after serving it, or
           (B) if the pleading is one to which a responsive pleading is required,
23         21 days after service of a responsive pleading or 21 days after

24

> service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The time for filing an amended petition as a matter of course has expired. To amend his Petition, Plaintiff must have Respondent's written consent or the Court's leave. *See* Fed.R.Civ.P. 15(a)(2). Respondent has not provided written consent and did not file a response to Petitioner's Motion. Therefore, Petitioner may only amend his Petition with the Court's leave.

In considering whether leave to amend should be granted, the Court considers "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings. However, each is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (internal citations omitted).

This is Petitioner's first attempt to amend his Petition. The Court does not find Petitioner is seeking to amend his Petition in bad faith or through undue delay. Additionally, there is no evidence showing Respondent will be prejudice by allowing Petitioner to file an amended petition.

The proposed new ground for relief may, however, be futile. First, Petitioner admits he did not exhaust this ground and asserts he is now time barred from pursuing state relief. *See* Dkt. 16. Second, "[a] challenge to a state court's application of state sentencing laws does not create a federal question cognizable in federal habeas review." *Moore v. Chrones*, 687 F. Supp. 2d 1005, 1040 (C.D. Cal. 2010). To state a cognizable federal habeas claim, a petitioner must show an alleged state sentencing error was "so arbitrary or capricious as to constitute an independent due

1   process" violation. *Richmond v. Lewis,* 506 U.S. 40, 50, 113 S.Ct. 528, 536, 121 L.Ed.2d 411

2   (1992). Here, it is not clear Petitioner can show the state sentencing was error or show any

3   alleged error resulted in a due process violation.

4         As it is unclear at this time if Petitioner's proposed ground for relief is futile, the Court

5   will allow Petitioner to file an amended petition including the new proposed ground regarding

6   the imposition of his sentence and deleting Ground 4.

7         Accordingly, the Court grants Petitioner's Motion as follows: Petitioner will be allowed

8   to amend his Petition to include the ground challenging the imposition of his sentence. In the

9   amended petition, Petitioner must re-allege all grounds for relief on which he wishes to proceed.

10  The amended petition will act as a complete substitute for the original Petition, not a supplement.

11  Petitioner shall file his amended petition by July 1, 2016.

12        Respondent shall file a supplemental answer or other responsive pleading to the amended

13  petition within thirty days of the date the amended petition is filed.

14        If Petitioner does not file an amended petition by July 1, 2016, this Court will proceed on

15  Grounds 1-3 of the Petition. Ground 4 will be removed from the Petition, as requested by

16  Petitioner in this Motion.

17        The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas

18  corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is also directed to re-note the pending

19  Motion to Dismiss to July 8, 2016.

20        Dated this 2nd day of June, 2016.

21

22

23  David W. Christel
    United States Magistrate Judge

24