UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW Q SHOOP,

    Petitioner,

v.

DONALD HOLBROOK,

    Respondent.

CASE NO. 3:15-CV-05868-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: July 15, 2016

    The District Court referred this action, filed pursuant to 28 U.S.C. § 2254, to United States Magistrate Judge David W. Christel. Presently before the Court is Respondent Donald Holbrook's Motion to Dismiss ("Motion"). Dkt. 12.

    Respondent filed the pending Motion on January 13, 2016, asserting the Petition is "mixed" and the unexhausted claim should be dismissed. *See* Dkt. 12. Petitioner moved to remove the unexhausted claim and add an additional claim. *See* Dkt. 16. The Court allowed Petitioner to file an amended petition. Dkt. 17. Petitioner was informed an amended petition would act as a complete substitute to his original Petition. *Id.* On June 24, 2016, Plaintiff filed the Amended Petition. Dkt. 18.

REPORT AND RECOMMENDATION - 1

An amended pleading supersedes the original pleading. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Canez v. Ryan*, 25 F. Supp. 3d 1250, 1258 (D. Ariz. 2014). The original pleading is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Respondent's Motion attacks the original Petition, which is now "non-existent." *See* Dkt. 12. Petitioner has added a new ground for relief and Respondent has been ordered to respond to the Amended Petition. *See* Dkt. 17, 18. Additionally, the Court stated the Amended Petition would act as a complete substitute. Dkt. 17.

Accordingly, the undersigned recommends Respondent's Motion to Dismiss be denied as moot.[1] *See McElroy v. Castro*, 2008 WL 110983 (S.D. Cal. Jan. 10, 2008) (recommending the respondent's motion to dismiss be denied as moot because, after the motion to dismiss was filed, the petitioner amended his mixed petition to remove unexhausted claims).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 15, 2016, as noted in the caption.

Dated this 27th day of June, 2016.

David W. Christel
United States Magistrate Judge

---

[1] The Court notes Respondent may refile a motion to dismiss on the Amended Petition.