UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW Q. SHOOP,

Petitioner,

v.

DONALD HOLBROOK,

Respondent.

CASE NO. 3:15-CV-05868-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: September 16, 2016

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Matthew Q. Shoop, proceeding *pro se* and *in forma* pauperis, filed his federal habeas Petition on November 9, 2015, pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction.[1] *See* Dkt. 4. On June 20, 2016 Petitioner filed an Amended Petition, which replaced the Petition. *See* Dkt. 18. In the Amended Petition, Petitioner raises four grounds for relief. Respondent has filed a Motion to Dismiss without Prejudice ("Motion to Dismiss") and

[1] Petitioner has filed his Petition and Amended Petition via mail. As a result, the date these petitions were entered into the record differ from the date Petitioner signed the petitions. Accordingly, the dates referring to Petitioner's Petition and Amended Petition are indentified as the dates the Petitioner signed them. *See Douglas v. Noelle*, 567 F.3d 1106-07 (9th Cir. 2009) (discussing prison mailbox rule).

filed the relevant state court records. *See* Dkt. 21. Respondent argues three of Petitioner's claims are procedurally barred and Petitioner's fourth ground for relief is not cognizable in federal habeas corpus review. *Id*. The Court finds Petitioner failed to exhaust each of his four grounds for relief and these four grounds for relief are also procedurally defaulted. Therefore, the Court recommends the Amended Petition be dismissed with prejudice.

## FACTUAL BACKGROUND

The Court of Appeals of the State of Washington summarized the facts of Petitioner's case as follows:

> Upon his release from prison, Shoop registered his address on May 21, 2012, as 1018 South Sprague Street in Tacoma. On September 4, 2012, Shoop filed a change of address to 1915 South Sheridan, in the back house, in Tacoma. Arne Craig managed the Sheridan property on behalf of its owners. He approved Shoop's application to rent an upstairs bedroom in the cottage behind the main house. He saw Shoop and his girlfriend move their personal belongings into the cottage. Rebecca Moore was one of the other residents in the cottage.
>
> Community Corrections Officer Lynne Hudson supervised Shoop at that time. Officer Hudson learned from Shoop on September 12, 2012, that he had changed residences without permission. As required by the Department of Corrections, did [sic] a home visit of Shoop's Sheridan address on September 13, 2012. She found Shoop in the upstairs bedroom, which contained his dog, his belongings and his girlfriend's belongings. But when she conducted an unannounced visit on October 8, 2012, she did not find Shoop in the upstairs bedroom. She found another man lying on a mattress, who said he lived in the bedroom. She did not see any of Shoop's belongings or his dog. She inquired of Moore about Shoop's whereabouts. She then issued a warrant for Shoop's address.
>
> Shoop reported to Officer Hudson on October 24, 2012. During that meeting, Shoop said he was living in a truck behind the house on Sheridan. Officer Hudson and another officer went to the Sheridan address in an effort to verify Shoop's report. They found two cars, one of which was inoperable, but no truck.
>
> On November 8, 2012, Tacoma Police Detective Douglas Fuller went to the Sheridan address but did not find Shoop there. He spoke with Craig and Moore.
>
> The State charged Shoop with failure to register as a sex offender. Officer Hudson, Detective Fuller and Craig testified as described above. In addition, Craig testified that while Shoop had paid rent for September 2012, he did not pay rent for October 2012. Craig said that after October 3, 2012, he did not see Shoop, his girlfriend or his dog at the Sheridan residence. He said someone else moved into the upstairs bedroom

> in October. He also said that when Officer Hudson visited on October 8, 2012, all of Shoop's belongings were gone. He said that he was not asked for, and did not give, Shoop permission to live in a truck behind the Sheridan property. Finally, he said that Moore told him in October that Shoop was gone.
>
> Jacklyn Melendez, Shoop's girlfriend, testified that she and Shoop moved into the upstairs bedroom in September 2012. She said that she moved out on October 3, 2012, but that Shoop stayed, sometimes sleeping on a couch in the bedroom and sometimes sleeping in his truck behind the Sheridan property. Lori Bizzetta, Shoop's mother, testified that she had seen Shoop driving a truck in October and that she had had lunch with him at the Sheridan cottage on October 5, 13, 18, and 22, 2012. She said Shoop had not indicated that he had moved.
>
> The jury found Shoop guilty as charged.

Dkt. 21-2, Exhibit 8, pp. 77-79; *State v. Shoop*, No. 45395-9-II, at 2-4 (Wash. Ct. App. Aug. 18, 2014).

PROCEDURAL BACKGROUND

Petitioner, through counsel, appealed his conviction to the Washington Court of Appeals. Dkt. 21-1, Exhibit 6, Exhibit 7. Petitioner raised the following ground for review: whether the State met its burden of proving beyond a reasonable doubt all the elements of the crime of failure to register as a sex offender. Dkt. 21-1, Exhibit 6 at 1.

The Washington Court of Appeals affirmed Petitioner's conviction and sentence. Dkt. 21-1, Exhibit 8. Petitioner filed a Motion to Modify the ruling, which was denied. Dkt. 21-1, Exhibit 9, Exhibit 10. Petitioner did not seek further review of the Washington Court of Appeals ruling. The Washington Court of Appeals issued its mandate on November 17, 2014. Dkt. 21-1, Exhibit 11.

On March 2, 2015, Petitioner, *pro se*, filed a Personal Restraint Petition ("PRP"). Dkt. 21-1, Exhibit 12, Exhibit 13. In his PRP, Petitioner raised six grounds for relief: (1) whether the jury misunderstood the jury instructions; (2) whether the imposition of a term of community custody caused Petitioner's sentence to exceed the statutory maximum for his crime; (3) whether

the trial court erred in imposing 36 months of community custody under former RCW § 9.94A.712; (4) whether the trial court's delegation of authority to the Department of Corrections was improper; (5) whether Petitioner's appellate counsel was ineffective for failing to raise the meritorious issues on direct review; and (6) cumulative error. Dkt. 21-1, Exhibit 12 at 4-16.

On December 29, 2015, the Washington Court of Appeals granted Petitioner's PRP in part and remanded his judgment and sentence to the trial court to correct the community custody term, and denied Petitioner's PRP in all other respects. Dkt. 21-1, Exhibit 5.

In his federal habeas petition, Petitioner raised the following grounds: (1) violation of the Sixth Amendment[2] when the State's lead witness did not testify and Petitioner was not able to "face" his accuser; (2) insufficient evidence; (3) improper admission of hearsay evidence; and (4) whether the jury misunderstood the jury instructions. Dkt. 4 at 6-11. Because Petitioner's fourth ground appeared to be unexhausted and pending before the Washington Supreme Court in his PRP, this Court ordered the Petitioner to show cause why his this claim should not be considered unexhausted. *See* Dkt. 15.

In response, Petitioner asked the Court to allow him to substitute or delete his fourth ground. *See* Dkt. 16. The Court granted Petitioner's request and allowed him to file an Amended Petition. *See* Dkt. 17. On June 20, 2016, Petitioner filed an Amended Petition raising the following four grounds: (1) violation of the Sixth Amendment when the State's lead witness did

---

[2] The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

not testify and Petitioner was not able to "face" his accuser; (2) insufficient evidence; (3) improper admission of hearsay evidence; and (4) being held in prison past the maximum release date. *See* Dkt. 18. Subsequently, Respondent filed a Motion to Dismiss the Amended Petition. Dkt. 21.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id*. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see Cullen*, 131 S.Ct. 1388. The Court finds it is not necessary to hold an evidentiary hearing in this case because Petitioner's claims may be resolved on the existing state court record.

## DISCUSSION

### A. Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Thus, "[t]o exhaust state remedies, petitioner must present each of his claims to the state's highest court." *James v. Borg,* 24 F.3d 20, 24 (9th Cir. 1994), *cert. denied*, 513 U.S. 935 (1994) (*citing Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits). It is not enough if all the facts necessary to support the federal claim were before the state courts or if a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (*citing Picard*, 404 U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts entitling Petitioner to relief. *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996); *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). Petitioner bears the burden of proving he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

*1. Exhaustion of Grounds 1-4*

In his first habeas corpus claim, Petitioner argues the right guaranteed to him by the Confrontation Clause of the Sixth Amendment, the right to confront the witnesses against him, was violated when the State's witness failed to testify at trial. Dkt. 18 at 5. Petitioner failed to raise Ground 1 in any form before the Washington state courts on direct appeal or in his PRP. *See* Dkt. 21-1, Exhibit 6, Exhibit 12. Petitioner has raised this claim for the first time in this Petition and, thus, Petitioner failed to exhaust Ground 1.

In his second claim, Petitioner argues the State lacked sufficient evidence to convict him. Dkt. 18 at 7. Although Petitioner presented this claim as a federal claim to the Washington Court of Appeals, Dkt. 21-1, Exhibit 6 at 5, the record reflects Petitioner did not raise the claim before the Washington Supreme Court. Petitioner also did not raise Ground 2 in his PRP. Dkt. 21-1, Exhibit 12. Thus, Petitioner failed to exhaust Ground 2.

In the third habeas claim, Petitioner argues the State used hearsay evidence to convict him at trial. Dkt. 18, pg. 8. Petitioner failed to raise Ground 3 in any form before the Washington state courts. *See* Dkt. 21-1, Exhibit 6, Exhibit 12. Thus, Petitioner failed to exhaust Ground 3.

Petitioner's fourth habeas claim alleges he has been held in prison past his maximum release date. Dkt. 18, pg. 10. Petitioner failed to raise this claim in any form before the Washington state courts. *See* Dkt. 21-1, Exhibit 6, Exhibit 12. Therefore, Petitioner failed to exhaust Ground 4.

In short, Petitioner has failed to exhaust each of the four claims he now brings before this Court.

**B. <u>Procedural Default</u>**

Exhaustion and procedural default are related but distinct doctrines. Exhaustion "refers only to remedies still available at the time of the federal petition" and asks whether the petitioner could still get the relief he seeks in the state system. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 851 (1999) (Stevens, J., dissenting). Procedural default, on the other hand, refers to claims that have not been presented to the state court and cannot, at the time the federal court reviews the habeas petition, be presented to the state court. *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002) (citations omitted); *Coleman v.*

*Thompson*, 501 U.S. 722, 731-32 (1991); *O'Sullivan*, 526 U.S. at 845. If a state procedural rule would now preclude the petitioner from raising his claim at the state level, the claim is considered "procedurally defaulted" and the federal courts are barred from reviewing the petition on the merits. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The procedural default will be excused and a petitioner will be entitled to federal habeas corpus review if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (*citing Coleman*, 501 U.S. at 750). To establish "cause," a petitioner must show some objective factor external to the defense prevented her from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (*citing Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause and prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray*, 477 U.S. at 495–96. To demonstrate he suffered a fundamental miscarriage of justice, viewing all the evidence in light of new reliable evidence, the petitioner must show "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (*citing Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

*1. Procedural Default of Grounds 1, 3, and 4*

Grounds 1 and 3 are procedurally defaulted barring federal review. Washington State imposes a one-year statute of limitations on filing a PRP or other post-conviction challenges. RCW § 10.73.090. Here, the Washington Court of Appeals issued a mandate finalizing Petitioner's state appeal on November 17, 2014. *See* Dkt. 21-1, Exhibit 11; *see also* RCW § 10.73.090(3)(b). The time to file a petition or motion for post-conviction relief expired on November 17, 2015, one year from the issuance of the mandate. *See* RCW § 10.73.090. As the one-year statute of limitations has passed, Petitioner is time-barred from collaterally attacking his conviction on these grounds in state court.

The Court also finds Petitioner is procedurally barred from raising Ground 4. The Petitioner concedes his fourth claim is time-barred because he brings this claim more than a year after his final judgment. *See* Dkt. 18, pg. 10; *see also* RCW § 10.73.090. Furthermore, the Court cannot find any authority showing Petitioner's claim falls within an exception to the one-year limitation.[3]

Notably, the Court does not interpret Petitioner's claim as an excessive sentence claim, which is not subject to the one-year limitation under Washington law. *See In re Matter of Personal Restrain Petition of Michael W. Bergseth*, 81 Wash.App. 1024, 1024 (Wash. Ct. App. 1996). Petitioner argues he was sentenced to 38 months, and has now been in custody for 41 months; therefore, the Department of Corrections is holding him beyond his maximum release

---

[3] The six exceptions to the one-year statute of limitations listed in RCW 10.73.100 are (1) new evidence has been discovered, (2) the statute that the defendant violated was unconstitutional, (3) the conviction was barred by double jeopardy, (4) the evidence was insufficient to support the conviction, (5) the sentence exceeded the court's jurisdiction, and (6) there has been a significant change in the law that applies retroactively. Washington Courts have also held excessive sentence claims are not subject to the one-year time bar. *See In re Matter of Personal Restrain Petition of Michael W. Bergseth*, 81 Wash.App. 1024, 1024 (Wash. Ct. App. 1996).

date. *See* Dkt. 18. A review of the record shows Petitioner committed the current felony while he was serving a term of parole/community custody. *See* Dkt. 21-1, Exhibits 1-3. Consequently, Petitioner's parole/community custody was revoked. *See* Dkt. 21-1, Exhibit 3. Under Washington law, Petitioner had to finish his confinement sentence for the prior felony before beginning to serve his most recent sentence. RCW § 9.94A.589(2)(a). The OMNI Legal Face Sheet detailed the sentences Petitioner faced and his corresponding earned release dates. *See* Dkt. 21-1, Exhibit 4. In short, the Court finds Ground 4 is subject to Washington's one-year limitation for bringing collateral attacks.[4]

Petitioner has not responded to Respondent's Motion to Dismiss and fails to prove cause and prejudice or make a showing of actual innocence sufficient to excuse his default with respect to Grounds 1, 3, and 4. Therefore, the Court finds federal review of these claims is barred.

*2. Procedural Default of Ground 2*

As to Ground 2, the Court finds an implied procedural bar prohibits federal habeas review. Regardless of whether this claim is time-barred, the claim is procedurally barred because Petitioner fails to demonstrate good cause for his successive petition.[5] Under RCW § 10.73.140,

---

[4] Even if Petitioner's claim was not procedurally barred, the Court notes Petitioner did not allege a constitutional violation. To the extent the Petitioner takes issue with the state sentencing laws, the claim is not cognizable in federal court: "[a] challenge to a state court's application of state sentencing laws does not create a federal question cognizable in federal habeas review." *Moore v. Chrones*, 687 F. Supp. 2d 1005, 1040 (C.D. Cal. 2010). To state a cognizable federal habeas claim, a petitioner must show an alleged state sentencing error was "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50, 113 S.Ct. 528, 536, 121 L.Ed.2d 411 (1992). Here, Petitioner does not show the state sentencing was error or show any alleged error resulted in a due process violation.

[5] RCW § 10.73.100(4) creates an exception to the one-year statute of limitations when a petitioner pled not guilty and now alleges insufficiency of evidence, as Petitioner did here. *See* Dkt. 21-1, Exhibit 1. But the exception applies only when the Petition is based *solely* on one or more of six enumerated exceptions in RCW § 10.73.100. Here, Petitioner's Amended Petition contains an excepted claim and time-barred claims. Washington case law is unclear on issue of whether a petition containing both time-barred claims and excepted claims can be dismissed as

a person who files a successive petition for personal restraint on new grounds must show good cause as to why the grounds were not raised in the initial petition. Petitioner raises Ground 2 in this habeas petition after failing to raise this ground in his PRP. *See* Dkt. 21-1, Exhibit 12 at 4-16. Thus, if Petitioner filed a successive PRP, the Washington Courts would require Petitioner to show good cause as to why he did not raise this ground in his initial PRP. *See* RCW § 10.73.140. Petitioner has not presented facts which could show good cause for his failure to raise Ground 2 in his initial PRP. Thus, Ground 2 is subject to an implied procedural bar because this Ground would be prohibited by an independent, adequate, and mandatory rule of state procedure, R.C.W. § 10.73.140, making a return to state court futile. *See Bolar v. Luna*, 2007 WL 1103933, *11 (W.D. Wash. April 10, 2007).

Petitioner fails to prove cause and prejudice or make a showing of actual innocence sufficient to excuse his default with respect to Ground 2. Therefore, the Court finds federal review of Ground 2 is barred.

CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

---

time-barred since the petition is not based "solely" on excepted claims. *See Powell v. Lambert*, 357 F.3d 871, 877-80 (9th Cir. 2004) (highlighting Washington's inconsistent case law).

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

CONCLUSION

For the above stated reasons, the Court recommends the Amended Petition be dismissed with prejudice. No evidentiary hearing is necessary and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 16, 2016 as noted in the caption.

Dated this 30th day of August, 2016.

David W. Christel
United States Magistrate Judge